BRESSLER, AMERY & ROSS, P.C.
Randi Perry Spallina, CA Bar No. 165839
515 E. Las Olas Boulevard, Suite 800
Fort Lauderdale, FL 33301
Telephone: (954) 499-7979
Facsimile: (954) 499-7969
rspallina@bressler.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| vs. | ) **COMPLAINT FOR** ) **INTERPLEADER RELIEF** |
| SETSUKO B. REEB, | ) ) |
| RICHARD H. REEB III, | ) ) |
| ANDREA R. REEB, and | ) ) |
| ROBERT L. REEB | ) |
| Defendants. | ) |

Plaintiff American General Life Insurance Company, by its undersigned attorney, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants Setsuko B. Reeb, Richard H. Reeb III, Andrea R. Reeb, and Robert L. Reeb and states as follows:

**Parties**

1. American General Life Insurance Company ("American General") is a corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas.

2. Setsuko B. Reeb ("Setsuko") is a citizen of the State of California.

3. Richard H. Reeb III ("Richard") is a citizen of the State of Illinois.

4. Andrea R. Reeb ("Andrea") is a citizen of the State of California.

1
COMPLAINT FOR INTERPLEADER RELIEF

5. Robert L. Reeb ("Robert") is a citizen of the State of Illinois.

6. Richard, Andrea, and Robert are children of Richard Reeb, Jr. (the "Decedent").

## Jurisdiction and Venue

7. This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. American General has in its custody or possession money or property of the value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled. Defendants are citizens of the State of California and the State of Illinois.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because at least one of the competing claimants resides in San Bernardino County, California, which is in the Central District of California pursuant to 28 U.S.C. § 84(c).

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County, California, which is in the Central District of California pursuant to 28 U.S.C. § 84(c).

## Factual Background

10. On or about July 10, 1980, the Decedent submitted an Application for an Annuity Contract to The Paul Revere Variable Annuity Insurance Company. (*See* Application, attached hereto as **Exhibit A**.)

11. The Application designated the Decedent's then-spouse Patricia Reeb as primary beneficiary and children, Richard, Andrea, and Robert as equal contingent beneficiaries of the Annuity Contract. *See id.*

12. On or about July 25, 1980, The Paul Revere Variable Annuity Insurance Company issued Annuity Contract Number 00018313 (the "Annuity"). (*See* Annuity, attached hereto as **Exhibit B**.)

13. By virtue of an agreement executed on April 30, 1998, American General agreed to administer the Annuity.

14. On or about September 13, 2006, American General received and processed a

1  Change of Beneficiary Request naming Richard, Andrea, and Robert as equal primary
2  beneficiaries. (*See* September 13, 2006 Change of Beneficiary Request, attached hereto as
3  **Exhibit C**.)

4      15.    On or about August 5, 2024, American General received a Change of Beneficiary
5  Request naming Setsuko, Decedent's current spouse, sole primary beneficiary and Richard,
6  Andrea, and Robert as contingent beneficiaries. (*See* August 5, 2024 Change of Beneficiary
7  Request, attached hereto as **Exhibit D**.)

8      16.    On or about August 6, 2024, American General informed the Decedent that the
9  August 5, 2024 Change of Beneficiary Request was not processed because the contingent
10 beneficiary amounts did not total 100%. (*See* August 6, 2024 Correspondence, attached hereto as
11 **Exhibit E**.)

12     17.    The Decedent died on August 7, 2024. (*See* Certificate of Death, attached hereto
13 as **Exhibit F**.)

14     18.    As a result of the Decedent's death, the Annuity's death benefit of $191,849.39
15 became due and payable to the beneficiary or beneficiaries. At the time of Decedent's death, the
16 beneficiaries of record were Richard, Andrea, and Robert in equal shares.

17     19.    On or about November 6, 2024, Robert submitted a claim to the Annuity death
18 benefit. (*See* Robert Annuity Death Claim, attached hereto as **Exhibit G**.)

19     20.    American General processed Robert's claim and paid him $58,352.22 of the
20 Annuity death benefit.

21     21.    On or about December 6, 2024, Richard submitted a claim to the Annuity death
22 benefit. (*See* Richard Annuity Death Claim, attached hereto as **Exhibit H**.)

23     22.    American General processed Richard's claim and paid him $50,548.25 of the
24 Annuity death benefit.

25     23.    On or about December 10, 2024, Setsuko submitted a claim to the Annuity death
26 benefit. (*See* Setsuko Annuity Death Claim, attached hereto as **Exhibit I**.)

27     24.    On or about March 16, 2025, Andrea submitted a claim to the Annuity death
28 benefit. (*See* Andrea Annuity Death Claim, attached hereto as **Exhibit J**.)

25. As of June 18, 2025, the remaining amount of the Annuity death benefit is $65,870.58.

FIRST CAUSE OF ACTION - INTERPLEADER RELIEF
**All Defendants**

26. American General incorporates Paragraphs 1-25 herein by reference, and further alleges as follows:

27. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims as to the insurance benefits described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

28. American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigation relating to benefits due and owing under the Annuity.

29. American General neither has, nor claims, any interest in the insurance benefits due under the Annuity, and at all times has been willing to pay the benefits to the person or persons entitled to them.

30. American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

31. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

32. American General will seek leave to deposit into the Court's Registry the remaining benefits due and owing under the Annuity.

33. American General alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335.

SECOND CAUSE OF ACTION – ALTERNATIVE CLAIM FOR MONEY HAD AND RECEIVED
**Defendants Richard H. Reeb III and Robert L. Reeb Only**

34. American General incorporates Paragraphs 1-26 herein by reference.

35. American General previously issued checks for one-third of the Annuity's death benefit, plus accrued interest, to both Richard and Robert.

36. American General issued the checks to Richard and Robert before Setsuko asserted her claim to the full Annuity death benefit pursuant to the Alleged Change of Beneficiary Request.

37. Richard and Robert have cashed the checks and retained their benefits.

38. In the event the Court determines that the Alleged Change of Beneficiary Request is valid, then Richard and Robert will have received money to which they were not entitled and which in equity and good conscience should be paid to Setsuko.

39. In order to prevent an unjust and inequitable result in the event the Court determines the Alleged Change of Beneficiary Request purporting to designate Setsuko as the sole primary beneficiary of the Decedent's Annuity is valid, Richard and Robert should be ordered to pay the amount received from American General, plus accrued interest, into the Court's Registry in order for it to be distributed in accordance with the Court's determination.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, American General Life Insurance Company, requests the following relief:

a. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

b. That this Court determine and declare the rights of the Defendants to the benefit due and owing under American General Life Insurance Company Annuity Contract Number 00018313 issued to the late Richard Reeb, Jr.;

c. That Defendants be enjoined from instituting or prosecuting against American General Life Insurance Company any proceeding in any state or United States Court or administrative tribunal relating to the benefit due and owing under American General Life Insurance Company Annuity Contract Number 00018313 issued to the late Richard Reeb, Jr. and on account of the death of Richard Reeb, Jr., and that said injunction issue without bond or surety;

d. That this Court discharge American General Life Insurance Company of and from any and all further liability under American General Life Insurance Company Annuity Contract Number 00018313 issued to the late Richard Reeb, Jr. and on account of the death of Richard Reeb, Jr.;

  e. That this Court enter an order awarding American General Life Insurance Company its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under American General Life Insurance Company Annuity Contract Number 00018313 issued to the late Richard Reeb, Jr.;

  f. That this Court excuse American General Life Insurance Company from further attendance upon this cause and dismiss American General Life Insurance Company from this case, with prejudice;

  g. In the event the Court determines that the Alleged Change of Beneficiary Request is valid, that Richard and Robert both be ordered to pay the amount each received from American General, plus accrued interest, into the Court's Registry; and

  h. That this Court grant American General Life Insurance Company such other and further relief as this Court deems just and equitable.

DATED: June 20, 2025          Respectfully submitted,

                     */s/ Randi Perry Spallina*
                     Randi Perry Spallina
                     California Bar No. 165839
                     Bressler Amery & Ross, P.C.
                     515 East Las Olas Boulevard
                     Suite 800
                     Fort Lauderdale, FL 33301
                     Email: rspallina@bressler.com

COMPLAINT FOR INTERPLEADER RELIEF